## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**SHARON ROZIER PHILLIPS**
5 Westbury Drive
New Castle, DE 19720                    :    CIVIL NO. _____

             Plaintiff,

     v.                                   :    **JURY TRIAL DEMANDED**

**HOUSEHOLD FINANCE
CORPORATION**
1144 Pulaski Highway
Bear, DE 19702

             Defendant.

## COMPLAINT- CIVIL ACTION

### I.    PRELIMINARY STATEMENT

1.    The plaintiff, Sharon Rozier-Phillips ("plaintiff"), brings this employment discrimination action against the defendant Household Finance Corporation ("HFC" or "defendant") as a result of defendant's unlawful discrimination and sexual harassment during plaintiff's employment because of plaintiff's gender.  As a direct and proximate result of defendant's discriminatory and improper conduct, plaintiff suffered substantial economic loss, pain and suffering.  Plaintiff seeks compensatory and punitive damages, and all other available statutory relief under federal and state law.

### II.    JURISDICTION AND VENUE

2.    The causes of action set forth in this Complaint arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the

Delaware Discrimination in Employment Act, Del. Code Ann. tit.19, § 710, *et seq*. ("DDEA").

3.      Jurisdiction over plaintiff's federal law causes of action is conferred upon this Court by 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f) (3), and 29 U.S.C. §2617(a) (2).

4.      This Court has supplemental jurisdiction over plaintiff's DDEA claim pursuant to 28 U.S.C. § 1367.

5.      Venue is proper pursuant to 42 U.S.C. §2000(3)-5(f), 29 U.S.C. §2617 (a)(2), and 28 U.S.C. §1391.

6.      On or about December 12, 2003, plaintiff filed a charge of discrimination with the Delaware Department of Labor ("DDL"), which charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

7.      Plaintiff's charge of discrimination complained of the exact acts of discrimination that are described herein.  A true and correct copy of Plaintiff's Charge of Discrimination filed with the DDL and the EEOC is attached hereto as Exhibit "A."

8.      Plaintiff received the EEOC's Notice of Right to Sue dated November 17, 2005.  A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto as Exhibit "B."

9.      More than one year has passed since plaintiff's charge was dual-filed with the DDL.

10.     Plaintiff has fully complied with all federal and state administrative prerequisites for the commencement of this action.

III.    **PARTIES**

11.    Plaintiff is a resident of the State of Delaware, who resides at 5 Westbury Drive, New Castle, DE 19720.

12.    Plaintiff is a female.

13.    At all times material hereto, plaintiff was an employee of defendant HFC within the meaning of the federal and state anti-discrimination laws at issue and whose rights are protected by the laws and statutes cited herein.

14.    Defendant HFC is a private financial services company that primarily provides loans, including personal, home equity and mortgage, to its customers, with a principle place of business located at 1144 Pulaski Highway, Bear, DE 19702.

15.    Defendant employs thousands of persons, operates branch offices in most of the 50 states, and provides financial services throughout the greater Mid-Atlantic region, including Delaware.

16.    At all times material hereto, defendant was an employer within the meaning of the controlling federal and state laws cited herein.

17.    At all times material hereto, defendant acted by and through its authorized agents, servants, workmen and/or employees, who were then and there acting within the course and scope of their employment.

IV.    **FACTUAL ALLEGATIONS**

18.    In September 2002, defendant hired plaintiff for the position of Senior Account Executive.

3

19.     Plaintiff's duties included assisting HFC clients with their respective loan needs, identifying the proper loan products for HFC clients and preparing necessary loan applications and paperwork, all of which had to be reviewed and approved by HFC supervisory personnel.

20.     From the outset of plaintiff's employment, defendant rated plaintiff's work performance as satisfactory or better.  HFC never warned plaintiff of poor or unacceptable performance.

21.     In fact, while employed with HFC, plaintiff received many letters of praise from clients with whom she worked.  Additionally, HFC recognized plaintiff for he superior work performance.

22.     In or about September 2003, Terry Parker, a male, became plaintiff's immediate supervisor.

23.     From approximately October 2003 through the time of plaintiff's employment separation from HFC, plaintiff was subjected to unwelcomed sexual harassment by Mr. Parker while working with him at HFC.

24.     In fact, Mr. Parker's behavior was profane, hostile and demeaning to women in general, and to plaintiff in particular on almost a daily basis.

25.     Mr. Parker made continuous and on-going sexual advances and inappropriate sexual comments to plaintiff including, but not limited to, telling her that because of her telephone voice, she had to be gorgeous and that he wanted to "smack that [plaintiff's] ass."

2

26.     Mr. Parker continuously made sexual comments about the physical attributes female customers and female employees of HFC in a graphic and demeaning manner.

27.     Mr. Parker regularly stated that as a HFC Senior Account Executive, it was plaintiff's business to "sell sex, not loans."

28.     Mr. Parker would also stare at plaintiff and other females in a sexually-suggestive manner, causing plaintiff to feel extremely uncomfortable and nervous and plaintiff told him as much on several occasions.

29.     On or about November 21, 2003, Mr. Parker was on the telephone with another HFC employee.  When plaintiff asked Mr. Parker to whom he was speaking, Mr. Parker replied that he was talking to "John Holmes, a 'porn star,'" at which time Mr. Parker stared at plaintiff while gesturing toward his penis in an attempt to engage her in sexual play.

30.     At all times, plaintiff rebuffed Mr. Parker's sexual suggestions and harassment and asked him to stop.

31.     Mr. Parker's sexual suggestions and harassment were without invitation, consent or permission and an implied condition for plaintiff receiving sufficient job benefits.

32.     Mr. Parker consistently reminded plaintiff that he was the supervisor and she was the subordinate, so as to intimidate plaintiff and remind plaintiff that he had the authority to affect her work opportunities.

3

33.     Mr. Parker's conduct unreasonably interfered with plaintiff's work performance and created an intimidating, hostile and offensive work environment.

34.     Because plaintiff did not respond positively to Mr. Parker's sexual innuendo and advances, Mr. Parker targeted plaintiff for unfair harassment, scrutiny retaliation and adverse employment action.

35.     In fact, Mr. Parker stopped "signing off" on loans and other HFC customer documents that plaintiff processed, thereby making her ineligible for receiving commissions on the loans that she generated.  Plaintiff was entitled to the commissions pursuant to HFC protocols and practices.  Mr. Parker had no legitimate reason for refusing to sign-off on loans processed by plaintiff.

36.     Mr. Parker did not subject male employees to sexually harassing conduct and intimidation and retaliation.

37.     On or about November 19, 2003, a female co-worker of plaintiff, who was also sexually harassed by Mr. Parker, complained, on behalf of plaintiff and herself, about Mr. Parker's unwelcome, sexually harassing conduct and retaliation.

38.     HFC failed to timely acknowledge, investigate and/or respond to plaintiff's complaints of improper behavior treatment, and took no steps to address plaintiff's concerns.

39.     It was not until after plaintiff filed a charge of discrimination with an external agency complaining about the sexually hostile work environment to which she was subjected and retaliation did HBC transfer Mr. Parker to another HFC branch office located in Dundalk, MD.

40.    Plaintiff has been subjected to the denial of equal terms, conditions and privileges of employment, including a sexually hostile, intimidating and retaliatory work environment.

41.    Plaintiff has and is now suffering and will continue to suffer irreparable injury and monetary damages as a result of sexually hostile, discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

## COUNT I

### Defendant, HFC violated the Civil Rights Act of 1964 42 U.S.C. §2000e, et seq.: Sexual Harassment

42.    Plaintiff, Sharon Rosier-Phillips, repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43.    Defendant, Household Finance Corporation, violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., in that it created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at the HFC location at which plaintiff worked, which hostile environment was ongoing and pervasive throughout the entirety of plaintiff's employment, as evidenced by the above-described improper and discriminatory acts.

44.    The hostile sexual environment was created by and known to HFC's supervisory personnel, who took no meaningful or effective action to terminate the offending behavior, to remove the offending environment or to discipline the offensive employees.

5

45.    As a consequence of the hostile environment supported and encouraged by the defendant's actions and failures to act, plaintiff was subjected to emotional distress, humiliation, ridicule and negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage, including, but not limited to, sleeplessness, nervousness, and headaches.

46.    As a result of the sexually hostile environment plaintiff has suffered emotional distress, physical injury, a loss of self-respect and confidence, and been subjected to great damage to her career and professional standing.

47.    Said violations were intentional and willful.

48.    Said violations warrant the imposition of punitive damages because of the HFC's malice and reckless indifference to plaintiff's federally protected rights.

49.    As a direct and proximate result of HFC's violations of Title VII, plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney's fees and costs.

50.    No previous application was made for the relief requested herein.

## COUNT II
### Defendant, HFC violated the Civil Rights Act of 1964
### 42 U.S.C. §2000e, et seq.: Retaliation

51.    Plaintiff, Sharon Rozier-Phillips, repeats and realleges paragraphs 1 through 50 as though fully set forth herein.

52.    Based on the foregoing, HFC has engaged in unlawful practices in violation of the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, et seq. These said unlawful practices for which HFC is liable to Plaintiff include, but are not limited to, retaliating against plaintiff because she filed internal and external complaints of discrimination and complained to HFC supervisory personnel and management about sexual harassment and discrimination endured in the workplace.

53.    HFC's retaliation included, but was not limited to, subjecting plaintiff to a hostile work environment and less favorable working conditions, treating plaintiff in a disparate manner and allowing Mr. Parker to refuse to credit plaintiff with commissions on work she did pursuant to HFC practices and polices, and thereby ultimately causing the termination of plaintiff's employment relationship with HFC.

54.    Said violations were intentional and willful.

55.    Said violations warrant the imposition of punitive damages because of the HFC's malice and reckless indifference to plaintiff's federally protected rights.

56.    As a direct and proximate result of HFC's violations of Title VII, plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney's fees and costs.

57.    No previous application was made for the relief requested herein.

## COUNT III
**Defendant, MEI violated the Delaware Discrimination in Employment Act**
**Del. Code Ann. tit.19, § 710, et seq. - Sexual Harassment**

58.    Plaintiff, Sharon Rosier-Phillips, repeats and realleges paragraphs 1 through 57 as though fully set forth herein.

59.    Defendant, Household Finance Corporation, violated the provisions of the Delaware Discrimination in Employment Act, Del. Code Ann. tit.19, § 710, et seq., in

that it created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment at the HFC location at which plaintiff worked, which hostile environment was ongoing and pervasive throughout the entirety of plaintiff's employment, as evidenced by the above-described improper and discriminatory acts.

60. The hostile sexual environment was created by and known to HFC's supervisory personnel, who took no meaningful or effective action to terminate the offending behavior, to remove the offending environment or to discipline the offensive employees.

61. As a consequence of the hostile environment supported and encouraged by the defendant's actions and failures to act, plaintiff was subjected to emotional distress, humiliation, ridicule and negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage, including, but not limited to, sleeplessness, nervousness, and headaches.

62. As a result of the sexually hostile environment plaintiff has suffered emotional distress, physical injury, a loss of self-respect and confidence, and been subjected to great damage to her career and professional standing.

63. Said violations were intentional and willful.

64. Said violations warrant the imposition of punitive damages because of the HFC's malice and reckless indifference to plaintiff's federally protected rights.

65.    As a direct and proximate result of HFC's violations of the DDEA, plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney's fees and costs.

66.    No previous application was made for the relief requested herein.

## COUNT IV

### Defendant, HFC violated the Delaware Discrimination in Employment Act Del. Code Ann. tit.19, § 710, et seq.- Retaliation

67.    Plaintiff, Sharon Rozier-Phillips, repeats and realleges paragraphs 1 through 66 as though fully set forth herein.

68.    Based on the foregoing, HFC has engaged in unlawful practices in violation of the provisions of the Delaware Discrimination in Employment Act, Del. Code Ann. tit.19, § 710, et seq. These said unlawful practices for which HFC is liable to plaintiff include, but are not limited to, retaliating against plaintiff because she filed internal and external complaints of discrimination and complained to HFC supervisory personnel and management about sexual harassment and discrimination endured in the workplace.

69.    HFC's retaliation included, but was not limited to, subjecting plaintiff to a hostile work environment and less favorable working conditions, treating plaintiff in a disparate manner and allowing Mr. Parker to refuse to credit plaintiff with commissions on work she did pursuant to HFC practices and polices, and thereby ultimately causing the termination of plaintiff's employment relationship with HFC.

70.    HFC's retaliation included, but was not limited to, subjecting plaintiff to a hostile work environment and less favorable working conditions, treating plaintiff in a

9

disparate manner and allowing Mr. Parker to refuse to credit plaintiff with commissions on work she did pursuant to HFC practices and polices, and thereby ultimately causing the termination of plaintiff's employment relationship with HFC.

71.    Said violations were intentional and willful.

72.    Said violations warrant the imposition of punitive damages because of the HFC's malice and reckless indifference to plaintiff's rights protected under the DDEA.

73.    As a direct and proximate result of HFC's violations of the DDEA, plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney's fees and costs.

74.    No previous application was made for the relief requested herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Sharon Rozier-Phillips, respectfully requests that this Court:

    (a)    enter a declaratory judgment that HFC's acts complained of herein violated and continue to violate the rights of plaintiff as secured to her by federal and state legislative enactments;

    (b)    enjoining and restraining permanently the violations alleged herein;

    (c)    award to plaintiff compensatory damages including past and future loss of earnings and benefits and loss of professional growth opportunities in a proper and adequate monetary amount;

    (d)    place plaintiff in an appropriate permanent position for which she is fully qualified and which will enhance her future career at HFC or

elsewhere;

(e)    award to plaintiff damages for emotional distress, mental anguish, humiliation and loss of self-esteem, the loss of life's pleasures, loss of her ability to provide herself and her family, and loss of other benefits that plaintiff has sustained and will in the future sustain as a result of HFC's improper, discriminatory and retaliatory treatment;

(f)    award to plaintiff punitive and exemplary damages against HFC in a proper and adequate monetary amount;

(g)    award to plaintiff liquidated damages;

(h)    grant to plaintiff pre-judgment interest in an appropriate amount;

(i)    grant to plaintiff such other additional relief as this Court deems just and proper under the circumstances of this case;

(j)    award plaintiff costs of this action, together with reasonable attorney's fees.

Dated: _2/14/06_

Johnny J. Butler (I.D. No. 29237)
Yvonne Barnes Montgomery (I.D. No. 70962)
BOOTH & TUCKER, LLP
1617 JFK Boulevard
Suite 1700
Philadelphia, PA 19103
(215) 875-0609

# EXHIBIT "A"

EEOC Form 161 (3/98)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Sharon Rozier-Phillips                    From:  Philadelphia District Office
     3904 Cindy Drive                                 21 South 5th Street
     Newark, DE 19702                                 Suite 400
                                                      Philadelphia, PA 19106

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00170 | Charles Brown, III, State & Local Coordinator | (215) 440-2842 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*                                    November 17, 2005

Enclosure(s)                                          (Date Mailed)

Marie M. Tomasso,
District Director

cc:  HOUSEHOLD FINANCE CORPORATION
     1144 Pulaski Highway
     Newark, DE 19702

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sharon Rozier Phillips
5 Westbury Drive, New Castle, DE 19720

**(b)** County of Residence of First Listed Plaintiff  New Castle

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Johnny J. Butler, Esq and Yvonne Barnes
ontgomery, 1617 JFK Blvd, Suite 1700, Phila, PA
19103 (215) 875-0609

**DEFENDANTS** Household Finance Corporation
1144 Pulaski Highway
Bear, DE 19702

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e, et seq.

Brief description of cause:
Sexual harassment and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  2/14/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                    Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6    1 0 0 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____|____ COPIES OF AO FORM 85.

FEB 1 5 2006
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action