IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON ROZIER PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-100-JJF |
| | ) |
| HOUSEHOLD FINANCE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**REPLY BRIEF IN SUPPORT OF**
**HOUSEHOLD FINANCE CORPORATION'S MOTION TO DISMISS**

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

Dated: October 10, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    I.    THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS PLAINTIFF FAILED TO EFFECT TIMELY SERVICE ............................................ 3

        A.    Plaintiff Has Not Demonstrated Good Cause For Her Failure To Effect Timely Service Upon Defendant .................................................. 3

            1.    Plaintiff's Actions Do Not Evidence A Reasonable Attempt To Effect Service Upon Defendant ............................................. 4

            2.    Defendant Has Suffered Undue Prejudice As A Result Of Plaintiff's Failure To Comply With The Service Requirements Of Rule 4 ............................................................... 6

            3.    Plaintiff Did Not Seek An Extension Of Time For Effecting Service Until Prompted By The Court And Should Not Now Be Granted An Extension ............................................................. 8

        B.    The Court Should Not Grant Plaintiff The Extension She Belatedly Requests ................................................................................. 9

    II.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S STATE STATUTORY CLAIM SINCE SHE HAS ELECTED TO PURSUE HER FEDERAL STATUTORY REMEDY ................................................. 12

CONCLUSION ........................................................................................................................ 15

TABLE OF CONTENTS ........................................................................................................... i

# TABLE OF AUTHORITIES

## CASES

Ayers v. Jacobs,
99 F.3d 565 (3d Cir. 1996) ............................................................................................. 7

Boley v. Kaymark,
123 F.3d 756 (3d Cir. 1997) ........................................................................................ 6, 7

Braxton v. United States of Am.,
817 F.2d 238 (3d Cir. 1987) ........................................................................................ 4, 6

EEOC v. Avecia Inc.,
2005 U.S. App. LEXIS 22157 (3d Cir. Oct. 13, 2005) .................................................. 13

Farrace v. United States,
220 F.R.D. 419 (D. Del. 2004) ................................................................................ passim

Gowan v. Teamsters Union (237),
170 F.R.D. 356 (S.D.N.Y. 1997) ..................................................................................... 7

Lovelace v. Acme Markets, Inc.,
820 F.2d 81 (3d Cir. 1987) ............................................................................................. 6

MCI Telecomm. Corp. v. Teleconcepts, Inc.,
71 F.3d 1086 (3d Cir. 1995) ................................................................................ 3, 5, 6, 7

McCurdy v. Am. Bd. of Plastic Surgery,
157 F.3d 191 (3d Cir. 1998) .................................................................................... passim

Payne v. Tipton County, Tenn.,
2006 WL 1967046 (W.D. Tenn. 2006) ........................................................................... 13

Petrucelli v. Bohringer and Ratzinger,
46 F.3d 1298 (3d Cir. 1995) .......................................................................... 5, 6, 10, 11

Sene v. MBNA Am., Inc.,
2005 WL 2304181 (D. Del. Sept. 20, 2005) .............................................................. 10, 11

## STATUTES AND OTHER AUTHORITIES

28 U.S.C. § 1367(c)(4) ......................................................................................................... 13

19 Del. C. § 712 .................................................................................................................. 12

19 Del. C. § 714 .................................................................................................................. 12

Fed. R. Civ. P. 6(b)(2) ........................................................................................................... 3

S. 154, 142nd Gen. Assem. (Del. 2004) ............................................................................. 12

Defendant Household Finance Corporation ("Defendant"), by and through its undersigned attorneys, submits this reply brief in support of its Motion to Dismiss Plaintiff's Complaint, and respectfully responds as follows.

## PRELIMINARY STATEMENT

In response to Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss and in Support of Her Request for Extension of Time to Effect Service,[1] Defendant sets forth the following four points, which will be explained in detail herein.

1.  Plaintiff contends that she made reasonable efforts to effectuate service upon Defendant. However, Plaintiff's efforts have been minimal at best and Plaintiff has not proffered any reasonable explanation, let alone good cause, for the failure to effect service upon Defendant until August 25, 2006, 75 days after the 120-day time limit to effect service had passed.

2.  Plaintiff asserts that she requested an enlargement of time to effectuate service upon Defendant as required. While Plaintiff technically is correct, it is the timing of this request that is vital to this Court's analysis. Plaintiff did not formally request the enlargement of time until October 2, 2006, after Defendant moved to dismiss and over 100 days late. Even if her informal request by letter dated September 7, 2006 constitutes a valid request, it was still 87 days after the 120-day time limit to effect service had run, and 14 days after the Court ordered Plaintiff to show cause as to why the Complaint should not be dismissed for failure to prosecute.

3.  In the absence of a finding of good cause, Plaintiff asks the Court to exercise its discretion to extend the service deadline. Plaintiff does not, however, point to any factual or legal basis for the Court to do so. Ultimately, the uncontested facts, in connection with precedential case law, make it clear that the circumstances surrounding the delay in service were

---

[1] This brief filed by Plaintiff is referred to herein as Pl. Br. at ___.

2

completely of Plaintiff's own making and as such do not warrant exercise of this Court's discretion to remedy.

4.  Lastly, Plaintiff's contention that this Court has supplemental jurisdiction over her state discrimination and retaliation claims is in direct conflict with the clear language of the Delaware Discrimination in Employment Act, and as such, this Court should not be permitted to exercise such discretion or should decline to do so.

**ARGUMENT**

I. **THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS PLAINTIFF FAILED TO EFFECT TIMELY SERVICE.**

The parties agree that the proper conceptual framework for analyzing whether an extension of time to effect personal service should be granted pursuant to Fed. R. Civ. P. 4(m) involves a two-step inquiry. First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). If so, the extension must be granted. Second, if good cause has not been shown, the court can grant the extension in the sound exercise of its discretion. Id. In the circumstances presented, Plaintiff is not entitled to an extension of time to effect personal service upon Defendant under either prong of this inquiry.

A. **Plaintiff Has Not Demonstrated Good Cause For Her Failure To Effect Timely Service Upon Defendant.**

In its Moving Brief, Defendant demonstrated that Plaintiff's actions do not constitute good cause for purposes of extending the 120-day service deadline. Courts generally consider three factors in determining whether good cause exists: (1) whether the plaintiff made a reasonable attempt to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service. See MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3d Cir. 1995). In addition, the Third Circuit in MCI defined good cause by noting, "We have equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" 71 F.3d at 1097 (citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995)). This Court has held that when evaluating good cause, "courts should focus primarily on the plaintiff's

reasons for not complying with the time limits of Rule 4." Farrace v. United States, 220 F.R.D. 419, 420-21 (D. Del. 2004). Plaintiff's belief that her counsel's error constitutes good cause misses the mark. See Braxton v. United States of Am., 817 F.2d 238, 242 (3d Cir. 1987) (finding inadvertence of counsel does not constitute good cause). Good cause cannot be found when the delay in service as well as the subsequent failure to request a timely extension were of Plaintiff's own making and completely in the control of Plaintiff. Accordingly, Plaintiff's assertion that good cause exists is meritless.

        1.        **Plaintiff's Actions Do Not Evidence A Reasonable Attempt To Effect Service Upon Defendant.**

Plaintiff mistakenly claims that she took "specific steps to serve process upon Defendant" and that her actions were "reasonable." See Pl. Br. at 8. However, all she did was mail a copy of the Complaint and Waiver of Summons Form ("Request for Waiver") to Defendant. Simply mailing a courtesy copy of the Complaint along with a form requesting waiver of summons (which is more for Plaintiff's benefit) should not be considered a reasonable attempt to effect service of process, much less to actually effect service. For the next 195 days Plaintiff took not one other step to effect service, and ultimately did so only after the Court prompted a response. Thus, Plaintiff did not make even one reasonable attempt to effect service on Defendant within the required time period.

Indeed, as Plaintiff concedes, McCurdy v. Am. Bd. of Plastic Surgery is helpful in resolving the issue before this Court. 157 F.3d 191 (3d Cir. 1998). The Third Circuit in McCurdy addressed a similar situation and found counsel's errors did not justify an extension. The plaintiff's only apparent response was that he used that time to make his Rule 11 inquiry. Id. at 192. The Third Circuit in McCurdy agreed with the district court's determination that no good cause existed for the delay, as plaintiff's efforts at service had simply been "half-hearted"

and "too little, too late." Id. at 196. (See also cases cited by Defendant in its Opening Brief at 6-11). Applying McCurdy and the other case cited by Defendant in its Opening Brief (see, e.g., Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298 (3d Cir. 1995)), good cause does not exist here and a Request for Waiver alone should not be evidence of a reasonable attempt to effect service upon Defendant. Plaintiff attempts to distinguish McCurdy on the grounds that none of the plaintiff's attempts at service had been timely, whereas here, Plaintiff mailed a copy of the Complaint and Request for Waiver within the 120-day time period. See Pl. Br. at 8. But the plaintiff in McCurdy did attempt to serve one of the defendants prior to the expiration of the 120-day deadline but addressed it to a former employee. Id. at 192. Additionally, Defendant contends simply mailing the Request for Waiver stretches what constitutes an attempt at service.

Moreover, one of the very cases upon which Plaintiff primarily relies directly rebuts her attempt to distinguish McCurdy. In MCI, the Third Circuit recognized that although plaintiff's initial attempt at service was timely, it was unsuccessful. 71 F.3d 1086, 1096-97. Further, plaintiff, after finding an alternative address, waited three months to serve the complaint. Id. at 1097. The court ultimately held that lack of diligence in continuing to attempt to effect service weighed against a finding of good cause. Id. at 1097-98. Like McCurdy, the MCI court focused on the reasonableness of the plaintiff's efforts in totality, or the lack thereof. Thus, even if Plaintiff's Request for Waiver constitutes a step in the process, waiting another 195 days to follow through is unreasonable. After mailing a copy of the Complaint and Request for Waiver to Defendant, Plaintiff made no further attempt to effect service until prompted by the Court, even though Plaintiff never received either a return of the Request for Waiver or an answer or

5

responsive motion to the Complaint.[2] Accordingly, Plaintiff's actions here do not evidence a reasonable attempt to effect service.

Additionally, failure to timely effect service on Defendant because of an office staff mistake does not constitute good cause. This Court has specifically rejected this excuse as a basis for good cause. See Farrace, 220 F.R.D. at 421; see also Petrucelli, 46 F.3d at 1307 ("reliance upon a third party ... is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service").

Lastly, noticeably conspicuous from Plaintiff's Answering Brief is (1) Plaintiff's lack of a rebuttal to the Third Circuit cases, Braxton v. United States of Am., 817 F.2d 238 (3d Cir. 1987), and Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir. 1987), cited by Defendant in its Opening Brief regarding counsel's errors and less than diligent efforts; and (2) the failure by Plaintiff to set forth any case law in support of her argument that counsel's or counsel's staff's initial error with no additional follow-up constitutes good cause or is a reason for the Court to exercise its discretion to extend the time period. Consequently, Plaintiff seems to concede that good cause does not exist here.

### 2. Defendant Has Suffered Undue Prejudice As A Result Of Plaintiff's Failure To Comply With The Service Requirements Of Rule 4.

The second factor in the good cause analysis is whether Defendant has been prejudiced by the lack of timely service. MCI, 71 F.3d at 1086. Plaintiff contends that because she sent a copy of the Complaint within the 120-day timeframe, Defendant had actual knowledge of the claims against it and therefore was not prejudiced by Plaintiff's untimely service of process. Plaintiff relies on the Third Circuit's opinion in Boley v. Kaymark, 123 F.3d 756 (3d Cir. 1997),

---

[2] Nor does Plaintiff offer any explanation as to why she took no action when there was no response to the Complaint.

for support. However, reliance on <u>Boley</u> is not wholly appropriate. First, the Third Circuit held that the plaintiff in <u>Boley</u> did not have good cause for failure to timely serve defendant, but because the district court applied faulty reasoning as to the prejudice prong, the Court vacated and remanded the case to the district court to apply the correct analysis. Second, the Third Circuit in another case and other courts, such as this one, have held otherwise. For example, the Third Circuit has held that "notice cannot by itself validate an otherwise defective service." <u>Ayers v. Jacobs</u>, 99 F.3d 565, 568 (3d Cir. 1996). More recently, in <u>Farrace</u>, this Court concluded "that even if the Government [defendant] had actual notice of this lawsuit, this notice does not qualify as good cause for failure to effect timely service." <u>Farrace</u>, 220 F.R.D at 421. Third, in any event, "absence of prejudice alone can never constitute good cause to excuse late service." <u>MCI</u>, 71 F.3d at 1097 (citing <u>United States v. Nuttall</u>, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

On the other hand, we agree with Plaintiff that the <u>Boley</u> case explained that the standard for determining prejudice to the defendant is whether the plaintiff's failure to make timely service has impaired or is likely to impair the defendant's ability to defend the case on the merits. <u>Boley</u>, 123 F.3d at 759. Defendant has suffered and continues to suffer such impairment.

The unavailability of witnesses is a factor that can damage a defendant's ability to defend its case on the merits. <u>See, e.g.</u>, <u>Gowan v. Teamsters Union (237)</u>, 170 F.R.D. 356, 360 (S.D.N.Y. 1997) (noting that witness availability is a factor in determining prejudice). In an employment case particularly, delays are almost always prejudicial to the merits of a defendant's case because many employee witnesses are no longer working for the employer and often are no longer in the area. Such is the case here. For example, the HR representative who first heard the allegations, many co-worker witnesses and the alleged harasser are all no longer working for

7

Defendant. Moreover, memories tend to fade for any witness with the passage of time. The allegations here arose three years ago, and it could be four years before trial. In employment cases, there are earlier deadlines than other types of cases (e.g., 300 days to file a charge of discrimination and 90 days to file suit on a right to sue letter) to protect against these very problems.

> 3. **Plaintiff Did Not Seek An Extension Of Time For Effecting Service Until Prompted By The Court And Should Not Now Be Granted An Extension.**

In addressing the MCI court's third factor, whether plaintiff moved for an extension of time for effecting service, Plaintiff contends that "[P]laintiff by letter brief dated September 7, 2006, requested that the Court 'relieve Plaintiff of the consequences of Rule 4(m)' by enlarging the time for Plaintiff to serve Defendant with the Complaint and Summons." Pl. Br. at 10. However, Plaintiff did not formally move the Court for an extension of time to perfect service on Defendant until she filed her Answering Brief on October 2, 2006. While Plaintiff did eventually request an extension, the formal request came over 100 days after the 120-day service timeframe had passed. Even given the benefit of the September 7, 2006 filing to Plaintiff, it was still 87 days after the 120-day period had passed and 14 days after the Court's order to show cause. This is yet another "half-hearted" attempt by Plaintiff that Defendant contends is "too little, too late." McCurdy, 157 F.3d at 196.

Again, one of the cases upon which Plaintiff primarily relies rebuts her position. In Farrace v. United States, 220 F.R.D. 419 (D. Del. 2004), this Court, in concluding that the plaintiff had not demonstrated good cause, placed significant weight on the fact that the plaintiff did not seek an extension of time for effecting service prior to the defendant's filing of its motion to dismiss. Id. at 421. Likewise, here Plaintiff did not formally seek an extension until 14 days

8

after Defendant filed its Motion to Dismiss. Like the plaintiff in Farrace, Plaintiff has failed to demonstrate good cause based on all three factors.

### B. The Court Should Not Grant Plaintiff The Extension She Belatedly Requests.

Plaintiff unpersuasively asserts that this Court, in the absence of a finding of good cause, should exercise its discretion and grant Plaintiff an extension of time to effect service upon Defendant. Pl. Br. at 11-14. Plaintiff, however, has not offered or demonstrated any basis, let alone a reasonable one, for why an extension is warranted. Instead, Plaintiff concedes that: (1) it was an oversight on the part of Plaintiff's counsel and/or staff that led to Plaintiff not serving Defendant until well after the 120-day time limit; (2) the only possible attempt at service was the mailing of a copy of the Complaint and Request for Waiver; and (3) she did not seek a formal extension of the deadline for service until over 100 days after the deadline had run. Yet, Plaintiff claims that "[m]any factors, though insufficient on their own to constitute good cause, weigh in favor of granting Plaintiff additional time to serve process in this case." Pl. Br. at 11. Defendant demonstrated in its Opening Brief, and reiterates here, that this is simply not the case, as Plaintiff has not offered even one good reason to justify an extension.

In her Answering Brief, Plaintiff argues that the Court should exercise its discretion because otherwise she will be barred from bringing her case due to the applicable statute of limitations, and relies upon Farrace in support. Pl. Br. at 12. However, Plaintiff overstates this Court's opinion in Farrace, contending Farrace stands for the proposition that the expiration of the statute of limitations on Plaintiff's claims militates against denying an extension.[3] First, the

---

[3] Farrace also works against Plaintiff because this Court found there was a lack of good cause because the plaintiff made no further attempts to effect service until much later even though the plaintiff did not receive a return of the Request for Waiver, and for the reasons noted above in Defendant's lack of good cause and prejudice arguments.

9

RLF1-3066695-3

running of the statute of limitations does not require the Court to grant the extension.[4] Farrace, 220 F.R.D. at 422. The Third Circuit specifically declined to adopt the position that the intent of the Advisory Committee to the rule change was to expand the number of situations where "relief may be justified." Petrucelli, 46 F.3d at 1306 & n.7. More importantly, Plaintiff fails to mention that this Court has recently had occasion to limit the holding of Farrace. In Sene v. MBNA Am., Inc., this Court declined to exercise its discretion to extend the time period despite the passing of the statute of limitations. 2005 WL 2304181 (D. Del. Sept. 20, 2005). In so holding, the Court explained:

> In Farrace v. United States Department of Justice, 220 F.R.D. 419, 422 (D. Del. 2004), this Court, after considering all the circumstances presented, allowed an extension of time under Rule 4(m) to prevent the cause of action from being barred by the statute of limitations. The Court, recognizing that it was not required to permit an extension, allowed the extension because the attorney, while trying to effect service, had a death in the family and problems with office staff. Id. The statute of limitations on Plaintiff's case has run; however, circumstances like those in Farrace are not present here.[5]

2005 WL 2304181, at *3.

In Sene, the plaintiff filed his complaint on October 5, 2004. Id. at *1. The plaintiff, after requesting a waiver of service and not receiving it, sent a copy of the complaint and an unsigned summons to the defendant. Id. On February 8, 2005, 5 days after the 120-day time period had expired, the plaintiff served the defendant with a summons bearing the signature of

---

[4] This Court recognized that the Third Circuit had advised that the Advisory Committee notes to the 1993 Amendments to Rule 4 provide guidance as to this issue. Sene, 2005 WL 2304181, at *3. These notes set forth other factors that can be considered, including whether the defendant has evaded service, whether service was required to be made on multiple defendants, and whether the plaintiff is appearing pro se. Id. at n.1 (citing Fed. R. Civ. P. 4 Advisory Committee note). However, none of these factors is present here.

[5] This Court considered all of the circumstances presented by the plaintiff in Farrace. The plaintiff had offered several reasons for the delay, one of which was the death of a family member.

the Clerk and seal of the Court. Id. Plaintiff offered no explanation for his failure to effect service in a timely manner other than that there was a defective summons, which contained "a minor, technical error." Id. at *2. Ultimately, the Court was not persuaded by the plaintiff's statute of limitations predicament. Id. at *3. Nor was the Third Circuit in McCurdy persuaded by this argument. 157 F.3d at 197 (finding the running of the statute of limitations favored the dismissal of the action as "defendant is not forced to defend against stale claims").

Here, as in Sene, Plaintiff has offered no explanation for her failure to serve the summons, other than Plaintiff's counsel had incorrectly marked the file as service having been perfected. Notably, in Sene, plaintiff's complaint was dismissed even though service was only five days late. In comparison, here service was 75 days late and Plaintiff only served Defendant after prompting by the Court 14 days later. As Defendant explained in its Opening Brief, courts have warned that plaintiffs should "[t]reat the 120 days with the respect reserved for a time bomb." Petrucelli, 46 F.3d at 1307 (citing Braxton, 817 F.2d at 241). Like the plaintiff in Sene, "Plaintiff did not heed this warning" (Sene, 2005 WL 2304181, at *4), and as such, her request for an extension to effect service upon Defendant should be denied and this case dismissed.

Furthermore, Plaintiff claims that counsel's mistakes were not conscious disregard of the rules. Pl. Br. at 14. In response, Defendant contends that at best Plaintiff has been very indifferent to the rules, which should weigh against the Court exercising its discretion to extend. Besides the substantial delay at issue, Plaintiff also failed to secure local counsel prior to filing the Complaint in disregard of the Court's local rules until after prompting by the Court (see D.I. 3), and Plaintiff incorrectly filed an entry of appearance on behalf of Defendant in this case after filing the Complaint. (See D.I. 4).

## II. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S STATE STATUTORY CLAIM SINCE SHE HAS ELECTED TO PURSUE HER FEDERAL STATUTORY REMEDY.

In its Opening Brief, Defendant pointed out that in 2004 the Delaware Discrimination in Employment Act ("the DDEA") was significantly amended to grant Delaware employees the right to sue in the Delaware Superior Court for violations of the Delaware employment discrimination and retaliation statute. See 19 Del. C. §§ 712, 714. Plaintiff, however, has overlooked the significance of this amendment and maintains that this Court has supplemental jurisdiction over her claims.

Until the Delaware discrimination statute was amended in 2004, there was no state cause of action for discrimination, only an administrative process. When the Delaware General Assembly amended the statute, it was careful to specify how the Delaware claim could be asserted. Both in the synopsis, which states that "[t]his bill ... creates a corresponding Delaware Right to Sue in Superior Court after exhausting Administrative remedies," and repeatedly in the law itself, the General Assembly makes clear its intention to create an "either/or" scenario. S. 154, 142nd Gen. Assem. (Del. 2004). The statute requires plaintiffs to choose between pursuit of a claim under the DDEA in the state Superior Court or pursuit of a claim under federal law in federal court. 19 Del. C. §714(c). If the General Assembly had intended to allow DDEA claims to be pursued in federal court simultaneously with identical claims under federal law, it would have so stated and would not have included a mechanism for dismissal where two actions are filed. Id.

Despite this amendment, Plaintiff maintains that this Court should exercise supplemental jurisdiction over her state law claims. Given the recent amendment to the DDEA, this Court should decline to exercise such jurisdiction, which it is permitted to do. This Court may decline to exercise supplemental jurisdiction if in exceptional circumstances there are other compelling

12

reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(4). Exceptional circumstances exist here because the Delaware legislature expressed a clear preference that claims under the DDEA be heard only by its Superior Court. However, at the very least, the amendment to the DDEA raises a novel issue under 28 U.S.C. § 1367(c)(1) not yet addressed by Delaware courts – whether the Delaware General Assembly intended that a suit under the DDEA can be pursued in federal court along with a federal discrimination claim. As such, this Court should decline to exercise supplemental jurisdiction until there is further guidance as to the intent of the Delaware legislature. See Payne v. Tipton County, Tenn., 2006 WL 1967046 (W.D. Tenn. 2006) (holding that because the Tennessee legislature expressed a clear preference that claims under the Tennessee Government Tort Liability Act be heard by its own courts, federal courts should decline to exercise supplemental jurisdiction over such claims).

Lastly, Defendant did not rely on EEOC v. Avecia Inc., 2005 U.S. App. LEXIS 22157 (3d Cir. Oct. 13, 2005), in the manner Plaintiff alleges. Pl. Br. at 16-17. Rather, Defendant pointed out that the Third Circuit in Avecia recognized that the DDEA was intended to be the "sole remedy" if chosen. Op. Br. at note 15. Although the trial court in Avecia addressed both state claims and a federal claim, the claims were not identical nor were the remedies, as here. And, even in Avecia, where the claims were different, the state implied duty of good faith claim was dismissed because of the DDEA (as was the other state claim for another reason). Accordingly, why should the result be different here where the claims and remedies (including statutory caps) are identical?

By attempting to pursue both federal and state claims, Plaintiff is essentially seeking overlapping, duplicative remedies. The DDEA would allow Plaintiff to recover punitive damages under 19 Del. C. § 715(1)(c), while its federal counterpart, Title VII, would allow

13

RLF1-3066695-3

Plaintiff to also recover punitive damages. The result of permitting recovery under both of these statutes would be an inappropriate windfall to Plaintiff and would contravene the intent of the DDEA and Title VII to cap compensatory and punitive damages.

In sum, Defendant respectfully requests that this Court dismiss Plaintiff's state law discrimination and retaliation claims as this Court lacks the jurisdiction to hear them, or in the alternative, this Court should decline to exercise jurisdiction over these claims for the reasons explained herein.

## CONCLUSION

WHEREFORE, Plaintiff's Complaint against Household must be dismissed in its entirety for lack of personal jurisdiction due to Plaintiff's failure to timely serve Defendant. Alternatively, Plaintiff's state law claims against Defendant must be dismissed as an exercise of supplemental jurisdiction would be improper or, at a minimum, inappropriate.

                                                                                                                   /s/ Jennifer C. Jauffret
_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Dated: October 10, 2006                            Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed the foregoing Reply Brief In Support Of Household Finance Corporation's Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on October 10, 2006, forwarded copies of the same to the following in the manner indicated:

### VIA HAND DELIVERY

Donna L. Harris, Esquire
Cross & Simon, LLC
913 N. Market Street, 11th Floor
P. O. Box 1380
Wilmington, Delaware 19899

### VIA FIRST CLASS MAIL

Johnny J. Butler, Esquire
Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd., Suite 1700
Philadelphia, PA 19103

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

RLF1-3059532-1