RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JENNIFER C. JAUFFRET
DIRECTOR

DIRECT DIAL NUMBER
302-651-7568
JAUFFRET@RLF.COM

May 15, 2007

**VIA E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
Federal Building
844 King Street
Wilmington, Delaware 19801

      Re:    Sharon Rozier-Phillips v. Household Finance Corporation
               Civil Action No. 06-100-JJF

Dear Judge Farnan:

      This letter serves to bring to the Court's attention a recent opinion by Chief Judge Robinson that resolves an identical argument raised by defendant Household Finance Corporation ("Defendant") in the above-referenced matter. By way of background, on September 18, 2006, Defendant filed a motion to dismiss the complaint in its entirety for plaintiff's failure to timely serve the complaint and, in the alternative, to dismiss Counts III and IV of the complaint, which contained state law discrimination and retaliation claims. The dismissal of the state law claims is the subject of this letter.

      On March 26, 2007, Chief Judge Robinson issued the Mease v. Wilmington Trust Company, C.A. No. 06-271-SLR, 2007 WL 901550 (D. Del.) opinion. In Mease, the Court was faced with the same issue raised in this case; specifically, whether federal discrimination claims and Delaware state discrimination claims can both be brought in one federal action. Mease had filed both a discrimination cause of action under federal law and a discrimination cause of action under state law. Here, plaintiff has filed a discrimination and a retaliation cause of action under both federal law and state law. After carefully reviewing the state discrimination and retaliation statute, specifically the Delaware Discrimination in Employment Act, 19 Del. C. §§ 710-718 (the "DDEA"), Judge Robinson declined to exercise supplemental jurisdiction over the state law claims because the DDEA mandates that plaintiffs make a choice when filing suit between state and federal discrimination claims and the corresponding remedies. Thus, plaintiffs must decide whether to pursue the state law claim(s) in state court or the federal claim(s) in federal court, not a combination of both. The Mease Court said that in choosing to file in federal court, "plaintiff has made 'an election of remedies,' not just an election of forum." Mease, at 4. Accordingly, the

The Honorable Joseph J. Farnan, Jr.
May 15, 2007
Page 2

state law claims in the Mease case were dismissed. Likewise, this Court should decline to exercise supplemental jurisdiction over both of the state claims at issue here, given the clear legislative mandate of the DDEA (which addresses both discrimination and retaliation claims). Enclosed for the Court's convenience is a copy of the memorandum order in the Mease case.

If Your Honor has any questions or concerns, please do not hesitate to contact me.

Respectfully,

Jennifer C. Jauffret

JCB/kdm
cc:   Peter T. Dalleo, Clerk (via hand delivery)
      Donna L. Harris, Esquire (via e-filing and hand delivery)
      Johnny J. Butler, Esquire (via first class mail)

RLF1-3150151-1

Westlaw.

Slip Copy  Page 1

Slip Copy, 2007 WL 901550 (D.Del.)

(Cite as: 2007 WL 901550 (D.Del.))

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware
Clyde E. **MEASE**, Jr., Plaintiff,
v.
**WILMINGTON** TRUST COMPANY, Defendant.
No. Civ. 06-271-SLR.

March 26, 2007.

Gary W. Aber, Aber, Goldlust, Baker & Over, Wilmington, DE, for Plaintiff.

Sheldon N. Sandler, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Defendant.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington this 26th day of March, 2007, having reviewed defendant's motion to dismiss, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I.3) is granted, for the reasons that follow:

1. Background. On or about December 2, 2004, plaintiff was terminated from his employment with defendant. Plaintiff asserts in the instant litigation that such termination was a pretext for age discrimination, in violation of the "Age Discrimination Employment Act of 1967", as amended, 29 U.S.C. §§ 621 et seq. Plaintiff further asserts that he was terminated in violation of 19 Del. C. § 711 and of the common law of the State of Delaware, more particularly, the covenant of good faith and fair dealing (the "State law claims") (D.I.7). Defendant has moved to dismiss the State law claims.

2. Standard of review. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiffs. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiffs cannot demonstrate any set of facts that would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

3. Analysis. Plaintiff argues that this court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367(a), which provides in relevant part that,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

A district court may decline to exercise supplemental jurisdiction, however, if "the claim raises a novel or complex issue of State law, ... or [ ] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (4).

4. Defendant asserts that the court should decline to exercise supplemental jurisdiction over the State law claims in order to preserve the integrity of Delaware's statutory scheme related to employment discrimination, pursuant to the Delaware

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 901550 (D.Del.)

**(Cite as: 2007 WL 901550 (D.Del.))**

Page 2

Discrimination in Employment Act, 19 Del. C. §§ 710-718 ("the DDEA"). Section 711 of the DDEA identifies as an unlawful employment practice, *inter alia,* the discharge of an individual because of such individual's "age," defined in § 710(1) as "the age of 40 or more years of age." Section 710(2) defines the term "charging party" as "any individual ... who initiates proceedings by the filing of a verified charge of discrimination, and who preserves a cause of action in Superior Court by exhausting the administrative remedies pursuant to the provisions of § 714 of this title." Section 714, in turn, provides the following:

*2 (a) A charging party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

\* \* \*

(c) The charging party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the charging party files in Superior Court and in a federal forum, the respondent may file an application to dismiss the Superior Court action under this election of remedies provision

(emphasis added) Finally, § 715(1)(c) provides for "the payment of compensatory damages, including but not limited to general and special damages, punitive damages when appropriate, not to exceed the damage awards allowable under Title VII of the Civil Right Act of 1964 [42 U.S.C. § 2000e et seq.]...."

5. In addition to his claim under the DDEA, plaintiff has sued defendant for breach of the covenant of good faith and fair dealing. At common law, employment in Delaware is considered at will except where, among other exceptions, the termination violates public policy. *See Lord v Souder,* 748 A.2d 393, 400 (Del.2000). Although the covenant of good faith and fair dealing is still recognized in Delaware, its viability in employment discrimination cases has been brought into question by a series of decisions issued by this court, among others. *See, e.g., Wilcoxon v. Red Clay Consol Sch Dist.,* 437 F.Supp.2d 235, 246-47 (D.Del.2006); *Moon v. Del River & Bay Auth.,* No. 05-261, 2006 WL 462551, at *4 (D.Del. Feb.24, 2006); *see also E.E.O.C. v Avecia, Inc,* 151 Fed. App'x 162 (3d Cir 2005) (amended statute barred a state law claim for breach of the covenant of good faith and fair dealing). In addressing the DDEA, this court reasoned as follows:

> In 2004, the Delaware legislature amended the statute concerning employment discrimination, stating that the statute was the "sole remedy for claims alleging a violation of this subchapter to the exclusion of all other remedies." 19 Del. C. § 712(b) (2005). The synopsis of the Senate Bill expressly supercedes the [Delaware Supreme Court's] holding in *Schuster [v. Derocili,* 775 A.2d 1029 Del.2001)], stating, "This bill is the exclusive and sole remedy for employment discrimination claims, requiring initial processing of all such claims with the Department of Labor for review and action. This bill effectively re-establishes the exclusive remedy put in question by the decision in *Schuster v Derocili* ." Delaware Bill Summary, 2004 Reg. Sess. S.B 154.

*Wilcoxon,* 437 F.Supp.2d at 247.

6. Plaintiff at bar has chosen the federal forum, but wants to take advantage of the State remedies. [FN1] Given the State of Delaware's legislative mandate expressed in 19 Del. C. § 714(c), however, plaintiff has made an "election of remedies," not just an election of forum. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's State law claims, pursuant to 28 U.S.C. § 1367(c)(4), as the clear language of the DDEA and the case law interpreting it present compelling reasons for such declination. Counts II and III, therefore, are dismissed. [FN2]

> FN1. Plaintiff concedes that the DDEA "provides additional rights and remedies not available under Federal Law," such as the right to recover "general damages, including pain and suffering." (D.I. 5 at 11)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 901550 (D.Del.)

**(Cite as: 2007 WL 901550 (D.Del.))**

Page 3

FN2. The court notes that plaintiff based all of his claims on the same set of facts. (D.I.7)

Slip Copy, 2007 WL 901550 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.