IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON ROZIER PHILLIPS,          :
                                 :
         Plaintiff,              :
                                 :
    v.                           : Civil Action No. 06-100-JJF
                                 :
HOUSEHOLD FINANCE               :
CORPORATION,                     :
                                 :
         Defendant.              :

Donna L. Harris, Esquire of CROSS & SIMON, LLC, Wilmington, Delaware.
Johnny J. Butler, Esquire and Yvonne Barnes Montgomery, Esquire of BOOTH & TUCKER, LLP, Philadelphia, PA.

Attorneys for Plaintiff.

Jennifer C. Jauffret, Esquire of RICHARDS, LAYTON, & FINGER, Wilmington, Delaware.

Attorney for Defendant.

**MEMORANDUM OPINION**

June 25, 2007
Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is Defendant Household Finance Corporation's Motion To Dismiss Pursuant To Fed. R. Civ. P. 4(m), 12(b)(2), and 12(b)(5) (D.I. 8). For the reasons discussed, the Motion will be granted in part with respect to Counts III and IV of Plaintiff's Complaint and denied in part with respect to Counts I and II.

I.  **BACKGROUND**

On February 15, 2006, Plaintiff filed a Complaint against Defendant alleging gender discrimination and sexual harassment in violation of 42 U.S.C. § 2000(e), *et seq.*, and the Delaware Discrimination in Employment Act, De. Code Ann. tit. 19, § 710, *et seq.*, in connection with her employment (D.I. 1). On August 23, 2006, the Court issued an Order To Show Cause prompting Plaintiff to explain why the matter should not be dismissed for failure to prosecute (D.I. 5). On September 8, 2006, Plaintiff filed a letter in response to the Court's Order (D.I. 6). On September 18, 2006, Defendant filed the instant Motion To Dismiss For Insufficiency Of Service Of Process, Lack Of Jurisdiction Over The Person, And Lack Of Jurisdiction Over The Subject Matter ("Motion to Dismiss") (D.I. 8). On October 2, 2006, Plaintiff filed its Response To Defendant's Motion to Dismiss (D.I. 10).

1

limitations if dismissed without prejudice, and Plaintiff acted in good faith at all times. With respect to the issue of subject matter jurisdiction, Plaintiff contends that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, in addition to original jurisdiction over the federal claims pursuant to Article III of the United States Constitution. Plaintiff contends that nothing in the DDEA, Delaware case law, or federal case law suggests that the Court cannot exercise supplemental jurisdiction over Delaware state law employment discrimination claims.

**III. LEGAL STANDARDS**

A. Insufficiency Of Service Of Process

Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing the complaint to effectuate service on the defendant. The determination of whether to extend time for service pursuant to Fed. R. Civ. P. 4(m) is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly effect timely service. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). If a court finds good cause, the court must grant an extension of time. Id. Second, if good cause is not shown, a court has the discretion to grant a plaintiff an extension of time. Id.

Courts generally consider three factors in determining whether good cause exists: (1) whether the plaintiff made a

2

limitations if dismissed without prejudice, and Plaintiff acted in good faith at all times. With respect to the issue of subject matter jurisdiction, Plaintiff contends that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, in addition to original jurisdiction over the federal claims pursuant to Article III of the United States Constitution. Plaintiff contends that nothing in the DDEA, Delaware case law, or federal case law suggests that the Court cannot exercise supplemental jurisdiction over Delaware state law employment discrimination claims.

### III. LEGAL STANDARDS

#### A. Insufficiency Of Service Of Process

Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing the complaint to effectuate service on the defendant. The determination of whether to extend time for service pursuant to Fed. R. Civ. P. 4(m) is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly effect timely service. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). If a court finds good cause, the court must grant an extension of time. Id. Second, if good cause is not shown, a court has the discretion to grant a plaintiff an extension of time. Id.

Courts generally consider three factors in determining whether good cause exists: (1) whether the plaintiff made a

3

reasonable attempt to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether plaintiff moved for an extension of time for effecting service. United States v. Nuttall, 122 F.R.D. 163, 166-67 (D.Del. 1988) (citations omitted). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of Rule 4. MCI Telecomm. Corp. V. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Moreover, the fact that a defendant has not been prejudiced is insufficient, standing alone, to establish the "good cause" required to justify an extension of time to effectuate service. Farrace v. United States Department of Justice, 220 F.R.D. 419, 421 (D. Del. 2004).

B. Subject Matter Jurisdiction

A district court has jurisdiction to hear state law claims in cases involving both federal and state claims pursuant to the supplemental jurisdiction statute. 28 U.S.C. § 1367 (2000). Section 1367(a) provides that, if a district court has original jurisdiction, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[1] Id. Thus, the Court has discretion to exercise supplemental jurisdiction so long as the federal and

---

[1] None of the exceptions to supplemental jurisdiction set forth in § 1367(b) are relevant to the present case.

4

state claims derive from a "common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

A district court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (4). The DDEA provides the Court with such a compelling reason for declining jurisdiction and prevents the exercise of supplemental jurisdiction over state employment discrimination claims. Pursuant to the DDEA, a charging party must elect a Delaware or federal forum to prosecute the employment discrimination cause of action to avoid duplicative litigation. 19 Del. C. § 714(c).

**IV. DISCUSSION**

    A.  <u>Whether Plaintiff's Claims Should Be Dismissed For Insufficiency Of Service Of Process.</u>

Reviewing the circumstances of this case in light of the applicable law, the Court concludes that Plaintiff has failed to effectuate timely service on the Defendant as required by Rule 4(m). Plaintiff contends that a Summons and Request For Waiver Of Service Of Summons were mailed to Defendant on March 23, 2006. However, Plaintiff mistakenly marked the file to indicate that the waiver had been received when in fact only the certified mail confirmation receipt had been received. As a result, Plaintiff made no further attempts to perfect service.

5

Having concluded that Plaintiff did not effectuate timely service on Defendant, the Court must next determine whether Plaintiff has demonstrated good cause sufficient to justify an extension of time. Although the Court finds that Defendant did not suffer undue prejudice as a result of Plaintiff's failure to comply with the service requirements of Rule 4, the Court concludes that Plaintiff has not demonstrated good cause. Plaintiff's sole reason offered for not complying with the 120-day time limit is that Plaintiff's counsel erroneously marked the file to indicate that the waiver had been received. Plaintiff made no further attempts to effect service despite the fact that Defendant did not return the waiver within 30 days of Plaintiff sending the waiver request pursuant to Fed. R. Civ. P. 4(d), nor did Plaintiff suspect that service may have been deficient when Defendant failed to file a responsive pleading. Further, Plaintiff has not sought an extension of time until the instant response to the Court's Order. Thus, Plaintiff's failure to act evidences the absence of good cause, and the Court concludes that Plaintiff's actions do not demonstrate a reasonable attempt to effect service.

Because the Court has concluded that Plaintiff has not established good cause for failure to timely effect service, the Court will consider whether, in the exercise of its discretion, Plaintiff should be granted an extension beyond the 120-day period provided by Rule 4(m).

The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise their discretion; however, the Third Circuit has advised district courts that the Advisory Committee Notes to Rule 4 provide some guidance. Petrucelli, 46 F.3d at 1305-06. According to the Advisory Committee Notes, one consideration which may justify an extension is whether the applicable statute of limitations has run. Fed. R. Civ. P. 4, Advisory Committee's Note to the 1993 Amendments. Other factors include whether the defendant has evaded service, whether service was required to be made on multiple defendants, and whether the plaintiff is appearing pro se. Id.

The Federal Rules are intended to be applied in such a way as to promote justice, and courts should strive to resolve cases on their merits whenever possible. McCurdy v. American Bd. Of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998). Although justice also requires that the merits of a particular case be presented to the Court in a timely fashion, see id., Defendant will not be prejudiced by an extension of time to serve process and Plaintiff should not be punished for an error committed by her counsel under these circumstances. The Court concludes that there is no evidence of bad faith or conscious disregard of the federal rules by Plaintiff. Therefore, because the statute of limitations will bar Plaintiff from filing the claim again if the motion to dismiss is granted, the Court will exercise its

7

discretion to allow Plaintiff an extension of time to effect service.

  B. <u>Whether The Court Has Subject Matter Jurisdiction Over Plaintiff's State Law Claims</u>

  Plaintiff has alleged gender discrimination in violation of the federal statute 42 U.S.C. § 2000(e), as well as the Delaware Discrimination in Employment Act. Plaintiff's federal and state law claims arise from the same set of facts, and are unquestionably part of the same case or controversy. However, the DDEA bars Plaintiff from seeking remedies for employment discrimination under both federal and state law in the federal forum. 19 Del. C. § 714(c); <u>Mease v. Wilmington Trust Co.</u>, No. Civ. 06-271, 2007 WL 901550, at *2 (D. Del. Mar. 26, 2007). As a result, the Court concludes that Plaintiff is barred from taking advantage of the state remedies after choosing the federal forum. The Court therefore concludes that Counts III and IV of Plaintiff's Complaint must be dismissed.

**V. CONCLUSION**

  For the reasons discussed, Defendant's Motion To Dismiss will be granted in part with respect to Counts III and IV of Plaintiff's Complaint and denied in part with respect to Counts I and II of Plaintiff's Complaint. An appropriate Order will be entered.