IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON ROZIER PHILLIPS, )<br>  )<br>   Plaintiff, )<br>  )<br> v. )<br>  )<br> HOUSEHOLD FINANCE )<br> CORPORATION, )<br>  )<br>   Defendant. ) | Civil Action No. 06-100-JJF |

## ANSWER TO COMPLAINT

Defendant HSBC Finance Corporation, formerly Household Finance Corporation ("Defendant") hereby answers the Complaint of plaintiff Sharon Rozier Phillips ("Plaintiff") as follows.

Defendant denies each and every averment of the Complaint except as expressly admitted below.

### Preliminary Statement

1.  Defendant denies that it engaged in any unlawful employment practices on the basis of sex discrimination and further denies that Plaintiff was adversely affected by any such practice. To the extent paragraph 1 sets forth a legal conclusion, no responsive pleading is required. Further, Defendant admits that Plaintiff's Complaint purports to seek damages and other legal and equitable relief available under federal and state law.

### Jurisdiction and Venue

2.  Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, U.S.C. § 1981 and the Delaware Discrimination in Employment Act, 19 Del. C. § 710.

3. Paragraph 3 states conclusions of law to which no responsive pleading is required.

4. Paragraph 4 states conclusions of law to which no responsive pleading is required.

5. Paragraph 5 states conclusions of law to which no responsive pleading is required.

6. It is admitted that prior to filing this action, Plaintiff, filed a charge with the Delaware Department of Labor which was cross-filed with the Equal Employment Opportunity Commission. The date of filing is denied.

7. Defendant avers that the charge is a document that speaks for itself and therefore denies Plaintiff's characterization about the charge. It is denied that a copy of Plaintiff's charge filed with the Delaware Department of Labor and the EEOC was attached to the Complaint as Exhibit "A."

8. Defendant admits that a copy of the EEOC's Notice of Right to Sue was attached to the Complaint. Defendant is without sufficient knowledge or information as to the remaining averments in paragraph 8 and, accordingly, said averments are deemed denied.

9. Admitted.

10. Paragraph 10 states conclusions of law to which no responsive pleading is required.

### Parties

11. Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 11.

12. Admitted.

13. Defendant avers that the terms "at all times material hereto" is a legal conclusion to which no response is required. Defendant denies that Plaintiff was an employee of Defendant;

rather, Plaintiff was employed by a subsidiary of Defendant. To the extent paragraph 13 states other conclusions of law, no responsive pleading is required.

14. Denied. Defendant is a holding company. Defendant's primary place of business is located at 2700 Sanders Road, Prospect Height, Illinois 60070.

15. Denied. Defendant is a holding company.

16. Defendant avers that the term "at all times material hereto" is a legal conclusion to which no response is required. Defendant admits that it is an employer, but not of Plaintiff. To the extent the remainder of paragraph 16 states conclusions of law, no responsive pleading is required.

17. Paragraph 17 states conclusions of law to which no responsive pleading is required.

### Factual Allegations

18. Denied as stated. The allegations are admitted as to a subsidiary of Defendant.

19. Denied as stated. Defendant admits Plaintiff handled such duties for its subsidiary and that management personnel reviewed loan documents for accounting, but states that an underwriting department handles credit approval functions.

20. Denied.

21. Denied. Defendant is unaware of whether she received letters of praise from clients. Defendant further states that her performance reviews are documents which speak for themselves as to characterizations of work performance.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied as stated. Alternatively, Defendant is without sufficient knowledge or information as to the averments contained in paragraph 30 and, accordingly, said averments are deemed denied.

31. Denied.

32. Denied.

33. Paragraph 33 states conclusions of law to which no responsive pleading is required. To the extent paragraph 33 is deemed to contain factual averments, said averments are denied.

34. Paragraph 34 states conclusions of law to which no responsive pleading is required. To the extent paragraph 34 is deemed to contain factual averments, said averments are denied.

35. Denied as stated. It is admitted that Plaintiff was eligible for commissions during her employment pursuant to company procedures. The remaining averments in paragraph 35 are denied.

36. Admitted.

37. Denied as stated. It is admitted that Defendant and/or its subsidiary learned of allegations of sexual harassment by Mr. Parker against a female coworker of Plaintiff and unnamed coworkers from an agent of Plaintiff's female coworker on or about November 26, 2003.

38. Denied.

39. It is admitted that Mr. Parker was transferred to another branch office located in Dundalk, Maryland effective on December 15, 2003. Defendant further states that the decision to transfer was made on December 13, 2003 and Mr. Parker was told that same day of the decision. The remaining averments in paragraph 39 are denied.

40. Paragraph 40 states conclusions of law to which no responsive pleading is required. To the extent paragraph 40 is deemed to contain any factual averments, they are denied.

41. Defendant denies any improper or illegal conduct by it or its subsidiary. Further, Defendant is without sufficient knowledge or information as to the averments of Plaintiff's alleged damages and, accordingly, said averments are deemed denied. To the extent paragraph 41 states conclusions of law, no responsive pleading is required.

## COUNT I

### Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.: Sexual Harassment

42. Paragraphs 1 through 41 of the Answer are restated and incorporated as if fully set forth herein.

43. Paragraph 43 sets forth a legal conclusion to which no responsive pleading is required. By way of further response, the factual averments are denied.

44. Paragraph 44 sets forth a legal conclusion to which no responsive pleading is required. By way of further response, the factual averments are denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the averments in paragraph 45 and, accordingly, said averments are deemed denied.

46. Defendant denies any liability of it or its subsidiary. Defendant is without sufficient knowledge or information to form a belief as to the averments that Plaintiff suffered damages and, accordingly, said averment is deemed denied.

47. Paragraph 47 sets forth a legal conclusion to which no responsive pleading is required. By way of further response, the factual averments are denied.

48. Paragraph 48 sets forth a legal conclusion to which no responsive pleading is required. By way of further response, the factual averments, if any, are denied.

49. Paragraph 49 sets forth legal conclusions to which no responsive pleading is required. By way of further response, Defendant denies any discriminatory acts occurred in relation to Plaintiff. Defendants is without knowledge or information sufficient to form a belief as to the remaining averments in paragraph 49 and, accordingly, said averment is deemed denied.

50. Admitted.

## COUNT II

### Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.: Retaliation

51. Paragraphs 1 through 50 of the Answer are restated and incorporated as if fully set forth herein.

52. Paragraph 52 sets forth a legal conclusion to which no responsive pleading is required. By way of further response, the factual averments, if any, are denied.

53. Paragraph 53 sets forth a legal conclusion to which no responsive pleading is required. Defendant denies the factual allegations set forth in paragraph 53. By way of further explanation, Plaintiff voluntarily resigned from her employment with a subsidiary of Defendant.

54. Paragraph 54 sets forth a legal conclusion to which no responsive pleading is required. Defendant denies the factual allegations set forth in paragraph 54.

55. Paragraph 55 sets forth a legal conclusion to which no responsive pleading is required. By way of further response, the factual averments, if any, are denied.

56. Paragraph 56 sets forth legal conclusions to which no responsive pleading is required. By way of further explanation, Defendant denies any discriminatory acts occurred in relation to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the remaining averments in paragraph 56 and, accordingly, said averment is deemed denied.

57. Admitted.

Defendant incorporates its responses to paragraphs 1 through 57 of the Answer as if set forth fully herein. Defendant objects to and denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of her Complaint.

## COUNT III AND COUNT IV HAVE BEEN DISMISSED BY THE COURT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

58. Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

59. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, the claims for relief are barred and should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

60. Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of an administrative charge of discrimination; or (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination, and Defendant requests that such claims be barred and dismissed.

## FOURTH AFFIRMATIVE DEFENSE

61. All conduct engaged in by Defendant and/or its subsidiary(ies) was for legitimate business reasons and not as pretext for illegal actions. Therefore, Plaintiff's claims are barred and should be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

62. Defendant and/or its subsidiary(ies) and its or their employees acted without malice or reckless indifference, and thus, an award of punitive damages is inappropriate.

## SIXTH AFFIRMATIVE DEFENSE

63. Defendant and/or its subsidiary(ies) did not fail to properly train, educate or supervise Plaintiff's supervisor.

## SEVENTH AFFIRMATIVE DEFENSE

64. Defendant and/or its subsidiary(ies) did not negligently hire, educate, train or supervise Plaintiff's supervisor.

### EIGHTH AFFIRMATIVE DEFENSE

65. In the alternative, Defendant and/or its subsidiary(ies) may not be held vicariously liable for the actions of any employees who have failed to act in accordance with Defendant's and/or its subsidiary's/subsidiaries' anti-discrimination policy and procedures.

### NINTH AFFIRMATIVE DEFENSE

66. To the extent that Plaintiff alleges unlawful acts of her co-workers, such acts would have been outside the scope of the actor's authority and thus Defendant and/or its subsidiary(ies) are not liable for any wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

67. In the alternative, if a fact-finder decides that unlawful discrimination was committed by Defendant's and/or its subsidiary's/subsidiaries' employees or others, such went against Defendant's and/or its subsidiary's/subsidiaries' good faith efforts to comply with state and federal law and to enforce its anti-discrimination policy, such that an award of punitive damages would be inappropriate.

### ELEVENTH AFFIRMATIVE DEFENSE

68. To the extent Plaintiff has made any claims for special damages, Plaintiff has failed to state such claims with the requisite specificity. Therefore, Plaintiff's claims are barred and should be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims for relief are barred to the extent they seek damages in excess of the limits imposed by applicable law, and also to the extent she seeks punitive damages and other relief not available under applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's prayer for relief must fail to the extent Plaintiff has failed to mitigate her damages as required by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

71. To the extent that Plaintiff has obtained income from Defendant and/or its subsidiary(ies), other employment or other sources, such money obtained subsequent to Plaintiff's employment must be set off against any damages allegedly due Plaintiff from Defendant and/or its subsidiary(ies).

### FIFTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred because she suffered no adverse employment action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred because, at all relevant times, Defendant and/or its subsidiary(ies) had policies against discrimination and retaliation and took prompt remedial action. Specifically, Defendant and/or its subsidiary(ies) exercised reasonable care to prevent and promptly correct all unlawful discriminatory behavior, including but not limited to, sexually harassing, retaliatory and other unlawful behavior. Such reasonable care to prevent and promptly correct any unlawfully harassing or discriminatory behavior, included but is not limited to, the dissemination and enforcement of an anti-harassment, discrimination and retaliation policy and training on such policy. Moreover, to the extent Plaintiff failed to take advantage of preventive and/or corrective opportunities in an appropriate manner or attempt to avoid harm

otherwise, her claims are barred. To the extent that Plaintiff made a complaint of unlawful activity to management, such complaint was promptly investigated. Further, Defendant and/or its subsidiary(ies) engaged in prompt and corrective remedial action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

75. To the extent Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because such alleged conduct was not severe or pervasive enough to constitute unlawful behavior.

### NINETEENTH AFFIRMATIVE DEFENSE

76. To the extent Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because such alleged conduct did not result in a tangible change in Plaintiff's employment status or benefits.

### TWENTIETH AFFIRMATIVE DEFENSE

77. To the extent Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because such alleged conduct did not have the effect of unreasonably interfering with Plaintiff's work performance or creating an intimidating, hostile or offensive work environment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

78. To the extent the Plaintiff is claiming a hostile work environment, Plaintiff's claim is barred because to the extent such alleged conduct is proven, a reasonable person would not find the alleged conduct objectionable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

79. Defendant is not the proper party/entity to this lawsuit.

WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice and enter any further relief, including costs and attorneys' fees, for Defendant, as this Court deems appropriate.

/s/ Jennifer C. Jauffret
———————————————————
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

Dated: September 10, 2007

RLF1-3197069-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing Answer to Complaint with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on September 10, 2007, forwarded copies of the same to the following in the manner indicated:

### VIA HAND DELIVERY

Erica N. Finnegan, Esquire
Cross & Simon, LLC
913 N. Market Street, 11th Floor
P. O. Box 1380
Wilmington, Delaware 19899

### VIA FIRST CLASS MAIL

Johnny J. Butler, Esquire
Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd., Suite 1700
Philadelphia, PA 19103

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

RLF1-3059532-1