## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHARON ROZIER PHILLIPS,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No  06-100-JJF
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
HOUSEHOLD FINANCE⠀⠀⠀⠀⠀⠀)
CORPORATION II,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendant⠀⠀⠀⠀⠀⠀⠀)

## DEFENDANT'S MOTION TO COMPEL
## DISCOVERY AND INITIAL DISCLOSURE RESPONSES

Defendant, Household Finance Corporation II ("Household") moves this Court for an order, pursuant to Fed  R  Civ  P  37(a), compelling plaintiff Sharon Rozier Phillips ("Phillips") to produce responses to Defendant's First Request for Production and First Set of Interrogatories  Further, Household moves this Court for an order compelling Phillips to provide complete answers to Plaintiff's Initial Disclosures in accordance with Fed  R  of Civ  P  26(a)(1)(c)   In support of this Motion, Household states as follows.

1.⠀⠀⠀⠀On or about February 15, 2006, Phillips filed a complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U S.C  § 2000e, *et seq* ("Title VII") and the Delaware Discrimination in Employment Act, Del  Code Ann  Title 19 Sec 710, *et seq* ("DDEA")  (D I  1)

2.⠀⠀⠀⠀In her complaint, Phillips has alleged irreparable injury, physical and emotional distress, in addition to a claim for monetary damages as a result of sexually hostile, discriminatory and unlawful acts by Household  (Comp  at ¶ 41)

3⠀⠀⠀⠀On January 8, 2008, Household served Defendant's First Set of Interrogatories Directed to Phillips, along with Defendant's First Request for Production.  (Copies of Household's discovery requests are attached as Ex  A)

4       Phillips did not respond to Household's discovery requests   As a result, on February 21, 2008, Household's counsel sent a letter to Yvonne Barnes Montgomery, Esquire, counsel for Phillips, to request that she send responses to discovery on or before February 29, 2008  (A copy of undersigned counsel's letter is attached hereto as Ex  B)

5       Phillips did not respond to Household's discovery requests on or before February 29 as requested   Moreover, Phillips' counsel did not provide an explanation for failing to respond to discovery, nor did she request an extension of time to respond to the requests

6       On or about March 6, 2008, Household was served with Phillips' Rule 26(a)(1) initial disclosures  Although Phillips' initial disclosures listed compensatory damages, economic damages and punitive damages as three categories of damages that she is claiming in this action, she failed to provide a proper commutation of her alleged damages in accordance with Fed  R  Civ  P  26(a)(1)(c)  (A copy of Phillips' initial disclosures is attached hereto as Ex  C)

7       On March 28, 2008, undersigned counsel wrote a letter to Ms  Barnes-Montgomery informing her that Phillips' initial disclosures did not comply with Fed  R  Civ  P  26(a)(1)(c) since Phillips failed to provide a commutation of her alleged damages   In the letter, undersigned counsel asked Phillips to supplement her responses concerning her alleged damages in accordance with Rule 26   Further, undersigned counsel reminded Phillips' counsel of the letter dated February 21, 2008 requesting that Phillips provide responses to Defendant's First Request for Production and First Set of Interrogatories  (A copy of undersigned counsel's March 28, 2008 letter is attached hereto as Ex  D)

8       To date, Phillips has failed to answer Household's outstanding discovery requests and has also failed to supplement her responses concerning her alleged damages in the initial disclosures   Nor has Household received a request for an extension or even any response to its counsel's letters

- 2 -

9       The discovery rules, specifically Fed R Civ P 34(a), allow a party to request documents that are in the possession, custody or control of the party being served  Also, Fed R Civ P 33(a) allows a party to serve upon any other party written interrogatories to be answered by the party served  A party upon whom interrogatories and requests for production have been served is required to serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories and requests for production  (Fed. R. Civ P 33 and 34)  The party submitting the requests may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the requests or any part thereof

10      In the instant case, Phillips has failed to provide answers to Household's discovery requests and has failed to properly object to those requests pursuant to Rules 33 and 34  See Fed R Civ P 33(b) and 34(b) (requiring that the reasons for the objections be stated) Accordingly, the Federal Rules of Civil Procedure allow this Court to compel Phillips' responses to Household's request for production and answers to interrogatories

11      Further, pursuant to Fed R Civ P 26, a party must, without awaiting a discovery request, provide to other parties.

> (c)      A commutation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary materials, not privileged or protected from disclosure, on which such commutation is based, including materials bearing on the nature and extent of injuries suffered.

12      Phillips' initial disclosures are evasive and incomplete and therefore should be treated as a failure to disclose, answer, or respond  (See Fed R Civ P 37(a)(3))  Pursuant to Fed R Civ P 37(a)(2)(a), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions  Hence, the Federal Rules of Civil Procedure allow this Court to compel Phillips to supplement her responses to initial disclosures to include a commutation of the damages claimed

- 3 -

13    As the Court is aware, the end of discovery in this matter is approaching According to the Scheduling Order, exchange and completion of interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by July 18, 2008 In an effort to prepare for Phillips' deposition, Household needs to obtain information and details by way of the written discovery process before deposing Phillips  Phillips has alleged that Household has caused her physical and emotional injuries and as a result, she is seeking monetary, economic and punitive damages  Therefore, Household is entitled to learn about these allegations through her responses to discovery and initial disclosures  Phillips has alleged damages that relate to medical information  For this reason, Household needs to conduct third party discovery in order to request medical records from Phillips' medical providers and it may take some time to receive these responses from third parties

WHEREFORE, Household respectfully requests that the Court enter an order compelling Phillips to provide documents responsive to Household's request for production and answers to interrogatories, along with a commutation of her alleged damages by May 19, 2008 or at some other time deemed reasonable by the Court

Jennifer C  Jauffret (#3689)
Jauffret@rlf.com
Lori A  Brewington (#4522)
Brewington@rlf com
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendant

May 6, 2008

- 4 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I electronically filed the foregoing Defendant's

Motion to Compel Discovery and Initial Disclosure Responses with the Clerk of Court using

CM/ECF which will send notification of such filing to the following and on May 6, 2008,

forwarded copies of the same to the following in the manner indicated.

### VIA FIRST CLASS MAIL

Donna L Harris, Esquire
Pinckney & Harris, LLC
1220 N Market Street, Suite 950
Wilmington, Delaware 19801

Johnny J Butler, Esquire
Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd , Suite 1700
Philadelphia, PA 19103

Jennifer C Jauffret (#3689)
Jauffret@rlf com
Lori A Brewington (#4522)
Brewington@rlf com
Richards, Layton & Finger
One Rodney Square
P O Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON ROZIER PHILLIPS,             )
                                     )
            Plaintiff,               )
                                     )
      v                              )        Civil Action No  06-100-JJF
                                     )
HOUSEHOLD FINANCE                    )
CORPORATION II,                      )
                                     )
            Defendant                )

## ORDER

WHEREAS, the Court having considered defendant's Motion to Compel ("Motion") and good cause having been shown for the relief sought in the Motion,

IT IS HEREBY ORDERED this _____ day of _____, 2008, that the Motion is GRANTED and that Sharon Rozier Phillips is ordered to produce all documents responsive to Defendant's First Request for Production and First Set of Interrogatories and also to supplement initial disclosure responses to provide a commutation of damages within _____ business days from the entry of this Order

_____
Joseph J  Farnan, Jr , U S D J

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON ROZIER PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Action No  06-100-JJF |
| | ) | |
| HOUSEHOLD FINANCE | ) | |
| CORPORATION II, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF UNDER FED. R. CIV. P. 34

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Household Finance Corporation II, formerly Household Finance Corporation ("Defendant") propounds the following requests for production on plaintiff Sharon Rozier Phillips ("Plaintiff")  Defendant requests that Plaintiff produce the documents, as more specifically demanded herein, within thirty (30) days, at the offices of Richards, Layton & Finger, One Rodney Square, P O  Box 551, Wilmington, Delaware 19899, or at such other location as counsel for the parties may agree

These discovery requests are deemed continuing, pursuant to Rule 26 of the Federal Rules of Civil Procedure  If Plaintiff identifies additional documents responsive to any of these production requests after its production of documents, Plaintiff is requested to produce those additional documents as soon as practicable after their discovery

## DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given

1    "Defendant" refers to Household Finance Corporation II, formerly Household Finance Corporation and to all of its partners, general partners, limited partners, agencies,

divisions, departments, nominees, affiliated entities and units, including subsidiaries, instrumentalities, subdivisions, predecessors, successors and assignees of any of them, administrators, officers, directors, employees, agents, representatives, consultants, special assistants, joint venturers, contractors, and attorneys of any of them, and any persons who at any time acted by, through or on behalf of any of them

2 "Plaintiff" refers to Sharon Rozier Phillips and her agents, assigns, attorneys and heirs

3 "Complaint" refers to the complaint filed in this action, C A No 06-100-JJF, by Plaintiff

4 "Charge" refers to the Charge of Discrimination filed with the DDOL, Case No 0312175 and the EEOC, Case No 17C-2004-00170, by Plaintiff

5 "DDOL" refers to the Delaware Department of Labor and its agents, employees and attorneys

6 "EEOC" refers to the Equal Employment Opportunity Commission and its agents, employees and attorneys

7 The term "document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts and recordings of any written, printed, graphic, audio, audiovisual, computer or otherwise recorded matter, however produced or reproduced, and all "writings," as defined in Federal Rule of Evidence 1001, of any nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices, and where any such items contain any marking not appearing on the original or are altered from the original, then

such items shall be considered to be separate original documents   This definition specifically includes e-mails

8       The terms "relate" "relates," or "relating" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise relating to the subject matter.

9       The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, e-mail, personal delivery or otherwise

10      Documents attached to each other should not be separated

11      If a document once existed but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you

12      In the event any document is withheld on a claim of attorney/client privilege or work product immunity, provide a detailed privilege log that describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose facts upon which you rely in asserting your claim and to permit the grounds and reasons for withholding the document to be identified   Such description should, at a minimum.

        (a)     state the date of the document,

        (b)     identify each and every author of the document,

        (c)     identify each and every person who prepared or participated in the preparation of the document,

- 3 -

(d)    identify each and every person who received the document,

(e)    identify each and every person from whom the document was received,

(f)    state the present location of the document and all copies thereof,

(g)    identify each and every person having custody or control of the document and all copies thereof,

(h)    describe the subject and purpose of the document, and

(i)    provide sufficient further information concerning the document and circumstances thereof to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim

13    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive

14    The term "including" means "including, but not limited to "

15    Any pronouns shall be construed to refer to the masculine, feminine or neuter gender, in singular or plural, as in each case is most appropriate

16    As used herein, "all," "any," "each" or "every" means "all, each and every "

17    The use of the singular shall be deemed to include the plural and the use of the plural shall be deemed to include the singular

## DOCUMENT REQUESTS

## REQUEST NO. 1:

All documents identified in Plaintiff's Rule 26(a)(1) Initial Disclosure Statement (whether Plaintiff believes Defendant has a copy or not)

- 4 -

**REQUEST NO. 2:**

All documents identified in or referred to in Plaintiff's answers to Defendant's First Set of Interrogatories Directed to Plaintiff or that were used or consulted to prepare Plaintiff's answers to those interrogatories

**REQUEST NO. 3:**

All documents given to any third party, including but not limited to any experts, relating or referring to any matter alleged in the Complaint and/or Charge

**REQUEST NO. 4:**

All documents to or from any court, agency, commission, board or other public body, including the DDOL and the EEOC (including all FOIA documents), that relate to any claim of violation of any law made by Plaintiff against Defendant or any other matter otherwise raised or identified in the Complaint and/or Charge

**REQUEST NO. 5:**

All documents submitted to and/or received from the DDOL and the EEOC (including all FOIA documents) relating or referring to any matter alleged in the Complaint or Charge

**REQUEST NO. 6:**

All documents Plaintiff intends to rely upon in support of the allegations and causes of action contained in the Complaint and/or Charge

**REQUEST NO. 7:**

Any documents relied upon in drafting the Complaint and/or Charge or referred to in the Complaint and/or Charge

**REQUEST NO. 8:**

All documents relating to, referring to or relied upon in support of Plaintiff's claim for damages

- 5 -

**REQUEST NO. 9:**

      All documents constituting handbooks, benefit descriptions, policy statements, agreements, letters, memoranda, notes or documents received by or obtained by Plaintiff from Defendant that in any way relate to the Complaint and/or Charge

**REQUEST NO. 10:**

      All documents that constitute contracts, agreements or understandings between Plaintiff and Defendant referring or relating to any matter alleged in the Complaint and/or Charge

**REQUEST NO. 11:**

      All letters, memoranda or notes transmitted by Plaintiff to Defendant referring or relating to any matter alleged in the Complaint and/or Charge

**REQUEST NO. 12:**

      All documents evidencing communications, whether oral or written, between Defendant and Plaintiff referring or relating to any matter alleged in the Complaint and/or Charge

**REQUEST NO. 13:**

      All diaries, calendars, logs, notes and other personal recordings prepared by Plaintiff from the beginning of her employment with Defendant to the present relating in any way to Plaintiff's claims against Defendant alleged in the Complaint and/or Charge

**REQUEST NO. 14:**

      All diaries, calendars, logs, notes and other personal recordings prepared by Plaintiff from the beginning of her employment with Defendant to the present relating in any way to Plaintiff's claims for damages

**REQUEST NO. 15:**

      All medical records and diagnostic tests of Plaintiff that in any way support any claim for damages

- 6 -

**REQUEST NO. 16:**

All federal, state, county and city tax returns filed by Plaintiff from 2002 to the present, including all documents relating to the audit of any such returns

**REQUEST NO. 17:**

All federal, state, county and city tax returns filed by any sole proprietorship, partnership, corporation or other entity in which Plaintiff had, or presently has, any interest, for all years from 2002 to the present, inclusive, including all documents relating to the audit of any such returns

**REQUEST NO. 18:**

All documents which, in any way, relate to the monetary compensation Plaintiff received from any employer for whom she worked after June 2004, including, but not limited to, documents which evidence any monetary compensation received by Plaintiff, the amount and date of all compensation including, any commission, bonus or other form of incentive payments, and how such compensation, commission, bonus or other incentive payments were calculated and paid

**REQUEST NO. 19:**

All signed and unsigned statements and affidavits taken by Plaintiff, or on Plaintiff's behalf, from individuals who have knowledge or information relevant to the claims or Defendant's defenses asserted in this action.

**REQUEST NO. 20:**

All documents which, in any way, identify individuals who have knowledge or information relevant to the claims or Defendant's defenses asserted in this action

**REQUEST NO. 21:**

All e-mails relating to or referring to Defendant, Mr Parker or any other relevant individual in regards to any matter alleged in the Complaint and/or Charge

**REQUEST NO. 22:**

All documents subpoenaed or obtained from any third party that in any way relate to the claims in this action

**REQUEST NO. 23:**

All documents relating to or referring to Plaintiff's communications with Terry Parker from the beginning of Plaintiff's employment with Defendant to the present

**REQUEST NO. 24:**

All documents relating to, referring to or encompassing Plaintiff's communications with Felicia Byers from January 2002 to the present that in any way relate to the claims in this action

**REQUEST NO. 25:**

All documents relating to or referring to Plaintiff's allegation in paragraph 33 that Mr. Parker's conduct unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile and offensive work environment

**REQUEST NO. 26:**

All documents relating to Plaintiff's allegations in paragraph 35 regarding loans which Mr. Parker did not "sign off" on

**REQUEST NO. 27:**

All documents relating or referring to Plaintiff's allegation in paragraph 37 of the Complaint that "a female co-worker of plaintiff, who was also sexually harassed by Mr. Parker, complained, on behalf of plaintiff and herself, about Mr. Parker's unwelcome, sexual harassing conduct and retaliation"

**REQUEST NO. 28:**

All documents evidencing Plaintiff's efforts to obtain employment after her employment with Defendant, including, but not limited to, all resumes

**REQUEST NO. 29:**

All documents regarding Plaintiff's employment history, including compensation history,

after leaving the employ of Defendant

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendant

Dated. January 8, 2008

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON ROZIER PHILLIPS,                )
                                       )
            Plaintiff,                 )
                                       )
      v                                )      Civil Action No  06-100-JJF
                                       )
HOUSEHOLD FINANCE                      )
CORPORATION II,                        )
                                       )
            Defendant                  )

## NOTICE OF SERVICE

It is hereby certified that on the 8th day of January, 2008, true and correct copies of

Defendant's First Request for Production of Documents to Plaintiff Under Fed  R  Civ  P  34 and

this Notice of Service were served, in the manner indicated, on the following counsel of record.

### VIA FIRST CLASS MAIL

Erica N  Finnegan, Esquire
Cross & Simon, LLC
913 N  Market Street, 11th Floor
P  O  Box 1380
Wilmington, Delaware  19899

Johnny J  Butler, Esquire
Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd , Suite 1700
Philadelphia, PA  19103

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger
One Rodney Square
P O Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

Dated. January 8, 2008

**Discovery Documents**
1.06-cv-00100-JJF Phillips v. Household Finance Corporation II

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Jauffret, Jennifer on 1/8/2008 at 4.37 PM EST and filed on 1/8/2008
**Case Name:**          Phillips v Household Finance Corporation II
**Case Number:**        1.06-cv-100
**Filer:**              Household Finance Corporation II
**Document Number:** 24

**Docket Text:**
NOTICE OF SERVICE of Defendant's First Request for Production of Documents to Plaintiff Under Fed R. Civ P 34
b Household Finance Corporation II (Jauffret, Jennifer)

**1:06-cv-100 Notice has been electronically mailed to:**

Donna L Harris    dharris@php-law com

Jennifer C Bebko Jauffret    jauffret@rlf com

**1:06-cv-100 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction.

**Document description:** Main Document
**Original filename:** n/a
**I   tronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/8/2008] [FileNumber=499435-0]
[028104b3bcbca22d4cc689ffeba80f8213ac091557e4ea10737c29e7334ff8333b482
1601e22a396a765b6a60449dcc381f6e26280b91c85d40e3fd20e7e7271]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON ROZIER PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | Civil Action No 06-100-JJF |
| | ) | |
| HOUSEHOLD FINANCE | ) | |
| CORPORATION II, | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT'S FIRST SET OF INTERROGATORIES
### DIRECTED TO PLAINTIFF

Defendant, Household Finance Corporation II, formerly Household Finance Corporation ("Defendant") hereby requests answers under oath from plaintiff Sharon Rozier Phillips ("Plaintiff") to the following interrogatories within thirty (30) days and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure

### DEFINITIONS AND INSTRUCTIONS

1      "Defendant" refers to Household Finance Corporation II, formerly Household Finance Corporation, and to all of its partners, general partners, limited partners, agencies, divisions, departments, nominees, affiliated entities and units, including subsidiaries, instrumentalities, subdivisions, predecessors, successors and assignees of any of them, administrators, officers, directors, employees, agents, representatives, consultants, special assistants, joint venturers, contractors, and attorneys of any of them, and any persons who at any time acted by, through or on behalf of any of them

2      "Plaintiff" refers to Sharon Rozier Phillips, and her agents, assigns, attorneys and heirs

3    "Complaint" refers to the complaint filed in this action, C A  No  06-100-JJF, by Plaintiff

4    "Charge" refers to the Charge of Discrimination filed with the DDOL, Case No 0312175 and the EEOC, Case No  17C-2004-00170, by Plaintiff

5    "DDOL" refers to the Delaware Department of Labor and its agents, employees and attorneys

6    "EEOC" refers to the Equal Employment Opportunity Commission, and its agents, employees and attorneys

7    "Communications" means any meeting, conversation, discussion, correspondence, email message or other occurrence whereby thoughts, opinions, or data are transmitted between two or more persons

8    "Describe," "describing" and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question, the date, time, place and identity of all persons present thereat or participating therein, that which each such person said and did, the approximate duration of such occurrence, the method or means of communication employed, the identity of all documents relating thereto, and the identity of all persons having knowledge of such occurrence, as well as the date and means when and whereby such knowledge was first acquired

9    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table,

- 2 -

analysis, schedule, diary, message (including, but not limited to, reports of telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other

communication (including inter-office or intra-office communications), purchase order, bill of

lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of

agreement, assignment, license, book of account, order, invoice, statement, bill (including, but

not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic

negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing,

catalogue, brochure, any other data compilations from which information can be obtained and

translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or

graphic matter, however produced or reproduced, to which plaintiff has or has had access

      10.    "Identify," "identity," or "identification" means, when used in reference to:

          (a)    a natural person, his or her:

                i     full name;

                ii     present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

                iii     present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

                iv     present or last known occupation, position, business affiliation, and job description; and

                v     occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered;

          (b)    a company, corporation, association, partnership, or legal entity other than

a natural person:

                i     its full name;

                ii     a description of the type of organization or entity;

                iii     the full address of its principal place of business;

- 3 -

  iv  the jurisdiction of incorporation or organization, and

  v  the date of its incorporation or organization,

(c) a document.

  i  its description (for example, letter, memorandum, report);

  ii  its title,

  iii  its date,

  iv  the number of pages thereof,

  v  its subject,

  vi  the identity of its author, signatory or signatories, and any person who participated in its preparation,

  vii  the identity of its addressee or recipient,

  viii  the identity of each person to whom copies were sent and each person by whom copies were received;

  ix  its present location, and

  x  the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when),

(d) an oral communication or statement.

  i  the date and time it occurred,

  ii  the place it occurred,

  iii  the complete substance of the communication,

  iv  the identity of each person.

    (1)  to whom such communication was made,

    (2)  by whom such communication was made, and

    (3)  who was present when such communication was made,

  v  if by telephone.

    (1)  the identity of each person.

- 4 -

a      who made each telephone call, and

b      who participated in each call, and

vi    the identity of all documents memorializing, referring to or relating in any way to the subject of the communication

11     "Oral communication" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation

12     "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity

13     Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory   Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately

14     Plaintiff is to furnish all information which is available as of the date of the answers to these interrogatories   If unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge Plaintiff may have concerning the unanswered portions thereof and the efforts Plaintiff made to obtain the requested information

15     With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by Plaintiff in preparing Plaintiff's answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included

- 5 -

in such answer   In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof

16     When an interrogatory or any of its subparts calls for Plaintiff to set forth the factual basis of any of Plaintiff's allegations or any of Plaintiff's answers, the request calls for Plaintiff to set forth and describe each fact, identify each document which Plaintiff contends tends to support Plaintiff's allegation or answer, and identify each person who possesses facts supporting Plaintiff's allegation or answer

17     If any information required to answer any interrogatory is withheld because Plaintiff claims that such information is privileged, or is contained in a privileged document or communication:

       (a)     identify each document or communication,

       (b)     identify the privilege and set forth the factual basis for the privilege claimed, and

       (c)     set forth each subparagraph of the interrogatory to which each such document or communication is responsive

18     If Plaintiff's answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including

       (a)     the identity of each person who determined that each such document would be removed or destroyed,

       (b)     the identity of each person who authorized the destruction or removal of each such document;

- 6 -

(c)    the identity of each person who removed or destroyed each such

document,

(d)    the substance and content of each such document; and

(e)    the date and location and the manner in which each such document was

removed or destroyed

## **INTERROGATORIES**

1    Specify, by category, the damages Plaintiff claims to be due, including but not

limited to, economic, non-economic, emotional distress, compensatory and punitive, as a result

of the conduct alleged in the Complaint and Charge, stating in detail the method by which

Plaintiff has computed those damages

2    Identify each person who Plaintiff believes has information or knowledge which

proves, disproves, or tends to prove or disprove, Plaintiff's allegations in the Complaint and/or

Charge, and summarize their knowledge

3    Identify each person who Plaintiff believes has information or knowledge which

proves, disproves, or tends to prove or disprove, Plaintiff's claim for damages, including but not

limited to, economic, non-economic, emotional distress, compensatory and punitive, and

summarize their knowledge

4    Set forth in complete detail Plaintiff's employment history prior to employment

with Defendant, including the identity and address of each employer for whom Plaintiff worked,

the dates for which Plaintiff worked for that employer(s), all job positions held with each

employer, whether Plaintiff had ever been disciplined by that employer and, if so, why

(explaining facts in detail) and the cause and reasons in detail of separation of employment from

each employer

- 7 -

5.      Identify all health care providers by name and address Plaintiff has consulted since January 2003 which consultations are in any way related to the matters in the Complaint and Charge including, but not limited to, health care practitioners Plaintiff consulted relating to any emotional distress she allegedly suffered as a result of conduct by Defendant

6.      Identify all health care providers by name and address Plaintiff consulted with from January 1997 to the present and identify the specific issue or problem for which Plaintiff consulted each health care provider

7.      Identify all efforts Plaintiff has made to obtain employment of any kind since June 2004 to the present

8.      Identify the job title, company and address of all positions held by Plaintiff after her employment ended with Defendant, including but not limited to, length of employment, salary, benefits, name of supervisor and reason for termination (if applicable) in detail

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf com
Richards, Layton & Finger
One Rodney Square
P O Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Defendant

Dated.  January 8, 2008

- 8 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON ROZIER PHILLIPS,                )
                                       )
            Plaintiff,                 )
                                       )
      v                                )      Civil Action No  06-100-JJF
                                       )
HOUSEHOLD FINANCE                      )
CORPORATION II,                        )
                                       )
            Defendant                  )

## NOTICE OF SERVICE

It is hereby certified that on the 8th day of January, 2008, true and correct copies of

Defendant's First Set of Interrogatories Directed to Plaintiff and this Notice of Service were

served, in the manner indicated, on the following counsel of record.

### VIA FIRST CLASS MAIL

Erica N  Finnegan, Esquire
Cross & Simon, LLC
913 N  Market Street, 11th Floor
P  O  Box 1380
Wilmington, Delaware  19899

Johnny J  Butler, Esquire
Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd , Suite 1700
Philadelphia, PA  19103

Jennifer C Jauffret (#3689)
Jauffret@rlf com
Lori A Brewington (#4522)
Brewington@rlf com
Richards, Layton & Finger
One Rodney Square
P O Box 551
Wilmington, Delaware  19899
(302) 651-7700
Attorneys for Defendant

Dated. January 8, 2008

**Discovery Documents**
1:06-cv-00100-JJF Phillips v. Household Finance Corporation II

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by Jauffret, Jennifer on 1/8/2008 at 4.36 PM EST and filed on 1/8/2008

**Case Name:**      Phillips v Household Finance Corporation II
**Case Number:**    1.06-cv-100
**Filer:**          Household Finance Corporation II
**Document Number:** 23

**Docket Text:**
NOTICE OF SERVICE of Defendant's First Set of Interrogatories Directed to Plaintiff by Household Finance
C    oration II (Jauffret, Jennifer)

**1:06-cv-100 Notice has been electronically mailed to:**

Donna L Harris    dharris@php-law com

Jennifer C Bebko Jauffret    jauffret@rlf com

**1:06-cv-100 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction.

**Document description:** Main Document
**Original filename:** n/a
**I    tronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/8/2008] [FileNumber=499432-0]
[96bd11bc44ea6578f195259d6876bbfca23225d433889906f8f96b49e550f36a84fe8
ebc3eba97bae7db5bc341c6aabe3e50a8ca1f90aa3a71818ce8d67232b4]]

# EXHIBIT B

# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

LORI A BREWINGTON

DIRECT DIAL NUMBER
302-651-7689
BREWINGTON@RLF COM

February 21, 2008

## VIA E-MAIL AND FIRST CLASS MAIL

Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd , Suite 1700
Philadelphia, PA 19103

Re.    Sharon Rozier Phillips v. Household Finance Corporation II

Dear Ms Montgomery:

As you will recall, our office served you with defendant's first set of interrogatories directed to plaintiff, along with defendant's first request for production to plaintiff on January 8, 2008   To date, we have not received a response to our requests   Please forward plaintiff's answers to our discovery on or before February 29, 2008

If you have any questions, please contact me

Very truly yours,

Lori A  Brewington

LAB/kdm

RLF1-3255896-1

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHARON ROZIER PHILLIPS

        Plaintiff,

    v.

HOUSEHOLD FINANCE  CORPORATION

        Defendant.

CIVIL NO. 06-100-JJF

## PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

The plaintiff, Sharon Rozier Phillips ("Plaintiff"), by and through her undersigned attorneys, herein submits the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**A.    Persons Likely to Have Information in Support of Plaintiff's Claims**    Based on the information reasonably currently available to Plaintiff, the following persons, all of whom are former and current employees of the defendant, Household Finance Corporation II ("HFC"), are likely to have discoverable information that may be used to support of Plaintiff's claims in this action:

1.    Plaintiff Sharon Rozier Phillips

2.    Felicia Byers

3.    Terri Parker

4.    Robert J. McMichael

5.    Heather Hodge

6.    Kimberly Beechum

7.    Krista Lemh

8.    Albert Patrizi

9.    Brian Cannelongo

10.    Shawn Clark

11.    James Warren

B.    **Documents in the Possession, Custody or Control of Plaintiff**

To date, Plaintiff does not have in her possession any documents that may be used in support of the claims in this action.

C.    **Computation of Damages Claimed by Plaintiff**

1.    Compensatory damages
2.    Economic damages
3.    Punitive damages

Plaintiff makes this disclosure of persons, documents and information in good faith based upon the information now available to Plaintiff.  It is unclear at this time whether there are additional persons with knowledge or documents that may be used to support the claims in this action.  To the extent that Plaintiff hereinafter becomes aware of persons and/or documents which are or become subject to disclosure, Plaintiff will make appropriate disclosures in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: 3/6/08

Johnny J. Butler, Jr., Esquire
Yvonne Barnes Montgomery, Esquire
**BOOTH & TUCKER, LLP**
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 1700
Philadelphia, PA 19103
(215) 875-0609

Donna Harris, Esquire (#3740)
dharris@php-law.com
Pinckney Harris & Poppiti, LLC
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801

**Attorneys for Plaintiff**
Sharon Rozier Phillips

2

# EXHIBIT D

# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

LORI A. BREWINGTON

DIRECT DIAL NUMBER
302-651-7689
BREWINGTON@RLF.COM

March 28, 2008

## VIA E-MAIL AND FIRST CLASS MAIL

Yvonne Barnes Montgomery, Esquire
Booth & Tucker, LLP
One Penn Center at Suburban Station
161 JFK Blvd , Suite 1700
Philadelphia, PA  19103

Re:    Sharon Rozier Phillips v. Household Finance Corporation II

Dear Ms. Montgomery:

I write to inform you that plaintiff's initial disclosures do not comply with Fed. R. Civ. P. 26(a)(1)(c) since plaintiff has failed to provide a commutation of her alleged damages. Pursuant to Rule 26, a party must, without awaiting a discovery request, provide to other parties.

> (c)  A commutation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary materials, not privileged or protected from disclosure, on which such commutation is based, including materials bearing on the nature and extent of injuries suffered

Please supplement plaintiff's response concerning her alleged damages in accordance with Rule 26.

Also, you will recall that I sent you a letter dated February 21, 2008 requesting that plaintiff provide responses to defendant's first request for production and interrogatories  To date, we have yet to receive plaintiff's answers to our outstanding discovery requests.  Please forward the same upon your receipt of this letter.  After reviewing plaintiff's answers to our discovery, we may need to subpoena third parties.  For this reason, we ask that you provide us with plaintiff's responses as soon as possible so that we can adequately prepare for the plaintiff's deposition that we would like to schedule for sometime in June 2008.  At this point, we are hesitant to move forward with scheduling the deposition because we have yet to receive plaintiff's answers to our written discovery.

RLF1-3267160-1

Yvonne Montgomery, Esq
March 28, 2008
Page 2

I look forward to hearing from you soon.

Very truly yours,

Lori A. Brewington

LAB/kdm
cc.     Jennifer C Jauffret, Esquire